## Martha C. Atherholt *v.* Thomas C. Atherholt. Appeal of the United States Glass Company.

*Practice, C. P.—Execution—Party in interest—Award of issue—Statutes.*

An attaching creditor having issued its attachment under the Act of May 24, 1887, P. L. 197, prior to a sheriff's sale, under and by virtue of which a fund for distribution was raised, is a party interested under the Act of June 16, 1836, P. L. 755, and upon application in writing duly fortified by affidavit, as required by the Act of April 20, 1846, P. L. 411, is entitled to an award of issue if the sufficiency of the affidavit is conceded.

*Practice, C. P.—Attachment act of 1869—Execution—Award of issue.*

An affidavit is sufficient to require the award of an issue which sets up an attachment under the act of 1869, issued July 24, 1897, as against the fund realized on confessed judgments dated in 1882 entered July 19, 1897, where the petitioner avers that he is informed, believes and expects to be able to prove that the judgments impeached were not confessed for a bona fide consideration, but were confessed and are being used for the purpose of hindering, delaying or defrauding the other creditors of the said defendant and the petitioner.

Argued Oct. 20, 1897. Appeal, No. 124, Oct. T., 1897, by United States Glass Company, from order of C. P. No. 3, Phila. County, June T., 1897, No. 1032, refusing an issue. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

Petition to pay fund arising from a sheriff's sale into court, and for rule to show cause why the sheriff's sale should not be set aside.

The petition in support of the rule alleged that the United States Glass Company on July 24, 1897, issued a writ of attachment under the act of 1869 out of C. P. No. 4, Phila. Co., as of June term, 1897, No. 626 for the sum of $497.78, and by virtue of the same attached all the property and effects of the defendant, Thomas C. Atherholt; that prior to the issuing of said writ the goods of the defendant had been levied upon by the sheriff under three writs of fieri facias issued upon judgments confessed in 1882 and entered of record on July 19, 1887, in favor of the plaintiff, Martha C. Atherholt. That a sale was held by the sheriff on July 28, 1897 and the fund realized by the said sale is now in his hands awaiting distribution; that the petitioner is informed, believes and expects to be able to prove that the above judgments were not confessed for a bona fide consideration, but were confessed and are being used for the purpose of hindering, delaying or defrauding the other creditors of the said defendant and the petitioner.

The petition further went on to recite certain allegations as to the conduct of the sale indicating that it was so conducted as to be made not with a view to attracting possible bidders but with a view to concealing the fact that a sale was being had and that, as the result of such conduct, the prices realized were grossly inadequate and much less than a fair price therefor at a forced sale.

The court below discharged the rules without any opinion being filed.

*Errors assigned* among others were (1–3) in not making absolute the rule for the payment of the fund arising from the sheriff's sale into court, and not directing an issue to determine material facts in dispute relating to the distribution of said fund. (4) In discharging the rule to set aside the sheriff's sale.

*George W. Carr*, for appellant.—As no answer or affidavit was filed by the plaintiffs in said judgments denying the averments in said petition, the right of the appellant to an issue must be determined solely by reference to the facts set forth in the petition.

The appellant was entitled as a matter of right to have the fund arising from the sheriff's sale paid into court and an issue framed to determine the validity of said judgments. The language of the statutes is peremptory, and the facts of the present case bring it clearly within their provisions. The court was bound to award the issue as a matter of course: Schwartz & Graff's Appeal, 21 W. N. C. 246; Tigue v. Banta, 176 Pa. 414.

*J. S. Freeman,* with him *Benj. F. Perkins* and *Chas. Meyers,* for appellee.—The case of Schwartz & Graff's Appeal, 21 W. N. C. 246, has been somewhat modified in its general effect, and cannot be construed as giving to a petitioner, no matter how vague and indefinite his averments may be, a right to demand that a fund realized from the sale of personal property shall be paid into court: Moore v. Dunn, 147 Pa. 359.

OPINION by BEAVER, J., March 21, 1898:

The act of assembly relating to executions, approved June 16, 1836, P. L. 755, in its 87th section provides: "If any fact connected with such distribution (arising from sale upon execution) shall be in dispute, the court shall, at the request in writing of any person interested, direct an issue to try the same, and the judgment upon such issue shall be subject to a writ of error in like manner as other cases wherein writs of error now lie." A proviso to the second section of the Act of April 20, 1846, P. L. 411, directs "that, before an issue shall be directed upon the distribution of money arising from sales under execution or orphans' court sales, the applicant for such issue shall make affidavit that there are material facts in dispute therein and shall set forth the nature and character thereof, upon which affidavit the court shall determine whether such issue shall be granted, subject to a writ of error or appeal by such applicant, if the issue be refused, in like manner as in other cases in which such writ now lies."

The appellant, having issued its attachment against Thomas C. Atherholt & Company, under the provisions of the Act of May 24, 1887, P. L. 197 prior to the sheriff's sale under and by virtue of which the fund for distribution in this case was raised, was a party interested within the meaning of the act of 1836, supra: Schwartz's Appeal, 21 W. N. C. 246. Its request or

application was in writing which was supported by an affidavit as alleged by the appellant and apparently admitted by the appellee, although the petition and affidavit upon which the rule to show cause was granted nowhere appears in the paper-book of the appellant.

The only question, therefore, is as to the sufficiency of the affidavit. No answer was filed by the appellee and the rule was granted. It is alleged by the appellant and admitted by the appellee that said rule was returnable the third Monday of September, 1897, and was discharged July 30, 1897, during vacation, without notice to the appellant and without reasons assigned therefor.

The facts of this case are similar in many respects to those in Schwartz's Appeal, 21 W. N. C. 246, in which Mr. Justice GREEN says : " We do not know upon what ground the application for an issue was refused in this case, as no opinion was filed by the court below and no paper-book has been furnished us by the appellees. As it seems to us, the facts set forth in the written application of the appellants for issues in the several judgments mentioned are quite sufficient, not merely to justify but to require the learned court below to grant the issues prayed for. The language of the act of 1836 upon this subject is peremptory." The language of the affidavit in this case, so far as we can ascertain it from the paper-books, is similar to the one filed in the case above quoted. Moore v. Dunn, 147 Pa. 359, it will be found upon examination does not in any essential particular relax the rule laid down in Schwartz's Appeal, supra, so far as the present case is concerned, inasmuch as the affidavit required by the act of 1846, supra, was made and no answer was filed by the appellee. Even upon the very unsatisfactory manner in which this question is presented for our consideration by the appellant's paper-book, we are of opinion that the issue prayed for should have been granted, unless after answer and depositions the appellant had failed to make out such a case as would justify it. " As a general rule, an issue should never be awarded on evidence so slight and insufficient that, in case a verdict should be rendered thereon in favor of the petitioner, the trial judge would be bound to set it aside : " Hagy et al. v. Poike, 160 Pa. 522 ; but until the time to determine the insufficiency of the evidence arrives, the petitioner has the undoubted right

of being heard. The first, second and third assignments of error are, therefore, sustained.

The fourth and fifth assignments are overruled. · The request for setting aside the sheriff's sale is practically inconsistent with the application for a feigned issue. In addition, the money raised by the sheriff's sale is abundantly sufficient to pay the appellant's claim, if its right to its attachment can be established, and the judgments whose validity it contested were found to be, as it alleged, fraudulent. The appellant was present, by agent or attorney, at the sheriff's sale, and had the opportunity of bidding the property sold to its value. Upon all grounds, therefore, the court below was justified in discharging the rule to show cause why the sheriff's sale should not be set aside, although we cannot approve of the summary manner in which it was done before the return day, in vacation and without notice to the appellant. The fourth and fifth assignments are overruled.

The decree of the court below, discharging the rule to show cause why the proceeds arising from the sheriff's sale upon the judgment of Martha C. Atherholt v. Thomas C. Atherholt should not be paid into court, and a feigned issue awarded to determine the validity of said judgment is reversed, and a procedendo awarded.